J-S71029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES SAMPLE | |
| Appellant | No. 1745 EDA 2015 |

Appeal from the PCRA Order August 30, 2012
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0517451-1991

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 16, 2016**

James Sample ("Appellant") filed this *pro se* appeal from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows. In 1992, a jury convicted Appellant of first-degree murder and related charges. The trial court immediately sentenced him to life in prison without the possibility of parole for the murder conviction, as well as concurrent terms for the remaining convictions. Following the denial of post-sentence motions, Appellant filed a timely appeal to this Court. In an unpublished memorandum decision, we affirmed Appellant's judgment of sentence. ***See***

_____

[*] Former Justice specially assigned to the Superior Court.

***Commonwealth v. Sample***, 3655 Philadelphia 1992 (Pa. Super., filed June 6, 1994). On April 11, 1995, our Supreme Court denied Appellant's *allocatur* petition. ***See Commonwealth v. Sample***, 658 A.2d 794 (Pa. 1995) (Table). Appellant did not file a petition for a writ of *certiorari* to the United States Supreme Court.

Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who later filed a motion to withdraw and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After providing notice of its intent to dismiss without a hearing, the PCRA court entered an order on January, 9, 1998, dismissing Appellant's petition and permitting counsel to withdraw. Appellant filed a timely appeal. In an unpublished memorandum decision, we affirmed the order denying Appellant post-conviction relief. ***See Commonwealth v. Sample***, 595 Philadelphia 1998 (Pa. Super., filed September 9, 1999). On February 4, 2000, our Supreme Court denied Appellant's *allocatur* petition. ***See Commonwealth v. Sample***, 751 A.2d 189 (Pa. 2000) (Table).

On May 5, 2006, Appellant filed a second *pro se* PCRA petition, in which he asserted a newly-discovered evidence claim in the form of a statement from Raymond Curry. In this statement, Curry asserted that he had witnessed a shooting in the Abbottsford housing project in September 1990. Although he stated that he saw the face of perpetrator, Curry did not identify the shooter or even claim that the shooting involved the victim.

Further, as established in the Commonwealth's motion to dismiss, despite Curry's statement that he could be reached at a Philadelphia residence, 2006 prison records established that Curry was a fellow inmate in the same correctional institution in which Appellant as incarcerated. *See* Motion to Dismiss, 2/16/07, at 8.

The PCRA court dismissed Appellant's second PCRA petition on November 26, 2007. Appellant filed a timely appeal. In an unpublished memorandum decision, we affirmed the denial of post-conviction relief. *See Commonwealth v. Sample*, 3213 EDA 2007 (Pa. Super., filed May 29, 2009). In addressing Appellant's claim of newly discovered evidence based on Curry's statement, we concluded that "the PCRA court ably summarized the applicable law, thoroughly addressed [Appellant's] claim . . . and correctly determined that it lacked merit." *Id*., at 7. This Court, therefore, adopted the "sound reasoning of the PCRA court" as our own in denying relief. *Id*. On October 6, 2009, our Supreme Court denied Appellant's *allocatur* petition. *See Commonwealth v. Sample*, 981 A.2d 219 (Pa. 2009) (Table).

On August 3, 2010, Appellant filed the *pro se* PCRA petition at issue. Within this petition, he asserted that he had hired a private investigator who located and interviewed Curry on July 2, 2010. Appellant then attached to his petition a new statement from Curry, in which Curry claimed that he recognized the victim's identity and that the shooter was not Appellant. After providing proper notice, the PCRA court dismissed the petition on

August 30, 2012. Although Appellant did not file a timely appeal, the PCRA court granted a subsequent PCRA petition, and reinstated Appellant's appellate rights *nunc pro tunc* on May 12, 2015. This timely appeal follows. Appellant states his sole issue raised on appeal as follows:

> The [PCRA] court abused [its] when it denied the PCRA petition filed, *on August 3, 2010, [sic] in which the private investigator Mr. Mark H. Shaffer's interview statement of Raymond Curry, proved that the shooter who Curry saw shoot and kill [the victim], was not [Appellant].
>
> The [PCRA] court was responsible for the monumental delay in having this PCRA petition litigated in a timely manner causing Appellant serious prejudice, as to Appellant's actual innocence.

Appellant's Brief at 2.[1]

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, "[a] PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in

---

[1] The "monumental delay" to which Appellant refers involves his claim that he never received a copy of the PCRA court's notice of intent to dismiss his third petition, and his need to twice petition our Supreme Court to direct the PCRA court to adjudicate the claim.

either the record or from other evidence." ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001) (citation omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from an enumerated error or defect, ***see*** § 9543(a)(2), and that the issues he raises have not been previously litigated, ***see*** § 9543(a)(3). "An issue has been previously litigated if … the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999) (citations omitted).

In addition, because this is Appellant's *third* petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prime facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations and internal quotation marks omitted). "A petitioner makes a *prime facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id***. (citations and internal quotation marks omitted).

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." *Hernandez*, 79 A.3d at 651-52 (citing 42 Pa.C.S.A. § 9545(b)(2)).

Appellant's judgment of sentence became final on July 10, 1995 when the applicable period for filing a writ of *certiorari* to the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). July 10, 1996, was the one-year cut off for a timely PCRA petition. Appellant filed the petition at issue in 2010; it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Within his brief, Appellant claims that he filed his 2010 PCRA petition within sixty days of receiving Curry's 2010 statement. According to Appellant, because Curry did not identify the shooter in his prior statement, this later statement, which exculpates him, establishes an exception to the PCRA's time bar. We disagree.

When considering a PCRA's petitioner's claim that he has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007). The determination of timeliness does not require a merits analysis. ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

Appellant does not demonstrate the exercise of due diligence. Although he asserts he filed his latest PCRA petition within sixty days of the discovery of Curry's 2010 statement, he offers no explanation as to why, with the exercise of due diligence, this information could not have been discovered earlier. This is especially true given the fact that, at the time Curry made his statement in 2006, he was housed in the same correctional institution as Appellant.[2]

Even if Appellant could demonstrate due diligence issue regarding the purported identification testimony possessed by Curry was previously litigated in Appellant's 2006 petition. As explained by the PCRA court:

---

[2] This fact is further confirmed by the investigator's report that when Curry was interviewed in 2010 he remained incarcerated, albeit in a different correctional facility, and that his prisoner number matched that identified by the Commonwealth in its 2006 motion to dismiss. ***Compare*** Motion to Dismiss, 2/16/07; PCRA Petition, 8/3/10, Exhibit C.

> Appellant has utilized [the reinstatement of his appellate rights] to merely reinstate the same claims that . . . have been previously decided. . . . [He] asserts the same claim of error in the form of "after discovered evidence." Appellant claims that an affidavit by Raymond Curry, which he argues defeats the untimeliness requirement, would prove his innocence. [He] has asserted this same issue in his previous petitions, which had been reviewed by the Superior Court in post-conviction appeals.

PCRA Court Opinion, 12/31/15, at 5 (unnumbered). ***See also Commonwealth v. Sample***, 3213 EDA 2007, at 5-7 (Pa. Super., filed May 29, 2009).

Our review of the record supports this conclusion. Thus, for all of the above reasons, the PCRA court correctly determined that Appellant was ineligible for post-conviction relief. We therefore affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016